UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAVID E. GULLATT AND DIANE G. MARTIN,** | * | NO. |
| **INDIVIDUALLY AND ON BEHALF OF THE** | * | |
| **ESTATE OF MILDRED GULLATT** | * | SECTION "    " |
| | * | |
| **VERSUS** | * | MAGISTRATE "    " |
| | * | |
| **RUSTON LOUISIANA HOSPITAL COMPANY, LLC** | * | |
| **D/B/A NORTHERN LOUISIANA MEDICAL CENTER** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \*\* \*\*

## COMPLAINT

The complaint of David E. Gullatt and Diane G. Martin allege upon information and belief as follows:

I.

Petitioner, David E. Gullatt, is citizen of the State of Louisiana.

II.

Petitioner, Diane G. Martin, is a citizen of the State of Georgia.

III.

Made defendant herein is:

A. Ruston Louisiana Hospital Company, LLC d/b/a Northern Louisiana Medical Center, a foreign limited liability company none of the members of which are citizens of

either Louisiana or Georgia and which is authorized to do and doing business in the Parish of Lincoln, State of Louisiana; and with its principal business establishment in Baton Rouge, State of Louisiana.

IV.

The amount in controversy in this case is in excess of $75,000, exclusive of interest and costs.

V.

This Honorable Court has jurisdiction by virtue of diversity of citizenship, as set forth in 28 U.S.C. § 1332a(1).

VI.

This civil action arises from a fall which caused the death of Mildred Gullatt, as set forth in greater detail below.

VII.

At all times material hereto, Mildred Gullatt was a patient at Ruston Louisiana Hospital Company, LLC d/b/a Northern Louisiana Medical Center (hereinafter known as "NLMC").

VIII.

At all times material hereto, defendant, NLMC, was a healthcare provider within the meaning of the Medical Malpractice Act, LSA-R.S. 40:1231.1, *et. seq.* (hereinafter "MMA").

IX.

This medical malpractice action brought pursuant to the MMA is timely insofar as a medical review panel was requested on April 7, 2016; a medical review panel convened, completed a review of this matter and rendered an opinion on November 28, 2017; and this Complaint is filed within

ninety (90) days of the official notification by the attorney chairman of the medical review panel regarding its opinion.

X.

On or about April 21, 2015, Mildred Gullatt was admitted to NLMC for various maladies including congestive heart failure and a possible stroke, suspected to be the cause of recent falls.

XI.

Upon admission, Mildred Gullatt was identified as high fall risk.

XII.

Notwithstanding her known high risk of falling, on May 9, 2015, Mildred Gullatt was led to the rest room by an aide who walked ahead of the patient instead of alongside and slightly behind her which is the proper and well-established protocol. She did not outfit Mrs. Gullatt with a gait belt and, because of her failure to comply with the standard of care, the aide placed herself in a position where she could not prevent the patient from falling or even minimize the impact of the fall.

XIII.

Mildred Gullatt did in fact fall during the attempted trip to the rest room on May 9, 2015, suffering a severe head injury and intracranial hemorrhages, from which she passed away on May 23, 2015.

XIV.

The aforesaid accident did not result from any fault or neglect on the part of Mildred Gullatt. Rather, this accident occurred solely due to the fault and neglect on the part of NLMC in the following non-exclusive list of particulars: failing to instruct staff in the proper way to assist a frail elderly patient to ambulate to a bathroom and/or failing to perform this task in a proper fashion;

failure by its aide to properly accompany Mildred Gullatt to the rest room; failure by its aide to follow the proper procedure for escorting a high fall risk patient to the restroom; failure by its aide to clear obstacles from the path to the restroom; failure by its aide to prevent the fall of Mildred Gullatt thereby causing Ms. Gullatt to strike her head during what should have been a routine visit to the bathroom; failure to provide for and ensure Mildred Gullatt's safety; failure by its aide to walk alongside and behind Mildred Gullatt, instead of walking ahead of Ms. Gullatt; generally, the failure of this defendant to act with the required degree of care commensurate with the existing situation; and all other acts or omissions constituting medical negligence or fault which may be revealed during the course of discovery in this matter.

XV.

As a direct result of the fall described above, Mildred Gullatt sustained an acute head injury, with intracranial hemorrhages involving the bifrontal and left temporal lobes. Because she was not a suitable candidate for medevac and brain surgery, Ms. Gullatt succumbed to her injuries and died on May 23, 2015. Her death certificate indicates that her cause of death was an accident and that she died from a traumatic subarachnoid hemorrhage.

XVI.

Petitioners maintain that, as the surviving children of Mildred Gullatt, defendant is liable unto them for the medical costs sustained by their mother prior to her death and damages, and also damages for Mildred Gullatt's premorbid pain, suffering, mental anguish, disability, fright and fear of impending death, in such amounts as may be determined by the finder of fact at the time of trial all pursuant to La. C.C. Art. 2315.1.

XVII.

As a result of the fall Mildred Gullatt sustained damages as set forth above, as best can presently be estimated as follows:

    A.       Past medical expenses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $100,000

    B.       Past physical pain and suffering . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $250,000

    C.       Past mental anguish, emotional distress, disability, and

              loss of or impairment of the ability to enjoy life's pleasures . . . . . . . . . . <u>$250,000</u>

**Total** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>**$600,000**</u>

XVIII.

Petitioners maintain that, as the surviving children of Mildred Gullatt, defendant is liable unto them for the loss of love, affection, companionship and society as well as funeral costs arising from the wrongful death of Mildred Gullatt in such a manner as may be determined by the finder of fact at the time of trial all pursuant to La. C.C. Art. 2315.2.

XIX.

As a result of the fall petitioners have sustained damages as set forth above, as best can presently be estimated as follows:

    A.       Loss of love, affection, companionship, and society for David Gullatt . . $500,000

    B.       Loss of love, affection, companionship, and society for Diane Martin . . $500,000

    C.       Funeral Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $25,000

**Total** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>**$1,025,000**</u>

XX.

Petitioners are entitled to and hereby demands trial by jury with regard to all issues.

**WHEREFORE**, petitioners pray that the defendant be cited and served with a copy of this complaint compelling it to appear and answer same, that after all due proceedings had herein, that there be judgment in favor of petitioners and against defendant, for all relief itemized above, together with all costs of these proceedings, interest from the date of judicial demand and any and all other relief which may be available under the circumstances.

    Respectfully submitted,

    /s/ Scott E. Silbert
    Scott E. Silbert (No. 12068) - T.A.
    Jonathan P. Friedman (No. 25675)
    Silbert, Garon, Pitre & Friedman
    909 Poydras Street
    Suite 2130
    New Orleans, LA 70112
    Telephone: 504-581-6200
    Facsimile: 504-584-5270

**PLEASE SERVE:**

**Ruston Louisiana Hospital Company, LLC d/b/a Northern Louisiana Medical Center**
**Through its Registered Agent for Service of Process:**
**Corporation Service Company**
**501 Louisiana Avenue**
**Baton Rouge, LA 70802**
**(w/Citation, Petition for Damages)**